UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAMANDEEP SINGH,

Petitioner,

v.

WARDEN OF CALIFORNIA CITY IMIGRATION PROCESSING CENTER,

Respondent.

No. 1:26-cv-06436-DAD-CKD

ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL AND MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT AND DENYING RESPONDENT'S MOTION TO DISMISS

(Doc. Nos. 1, 2, 3, 4, 8)

On August 13, 2026, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed an application to proceed *in forma pauperis* (Doc. No. 2), a motion for appointment of counsel (Doc. No. 3), and a motion for a temporary restraining order ("TRO") requesting his immediate release from immigration detention. (Doc. No. 4.)

On August 14, 2026, this court ordered respondent to file a response to petitioner's TRO motion and directed respondent to indicate therein whether it opposed this court from also ruling on the underlying habeas petition based upon the briefing presently before the court. (Doc. No. 7.) Respondent filed motion to dismiss the habeas petition together with a response in opposition

to petitioner's TRO motion on August 17, 2026. (Doc. No. 8.) Respondent does not object to the court ruling on petitioner's habeas petition based on the current briefing.

The facts of this case are these. Petitioner is a citizen of India after arriving in the United States through its border with Mexico. (Doc. No. 1 at 2.) Petitioner explains he entered the United States without inspection on or about September 30, 2023, however, on or about October 2, 2023, he was arrested by immigration authorities, but released on June 17, 2024. (*Id.* at 12.) In July 2026, petitioner was arrested and placed into immigration detention where he remains to this day. (Doc. No. 1 at 2.)

Respondent states in its motion to dismiss/opposition to the TRO motion that petitioner is in immigration detainment pursuant to 8 U.S.C. § 1226(a). (Doc. No. 8 at 4.) Even still, petitioner has a liberty interest in his continued release and that his right to due process was violated by his re-detention in the absence of a pre-deprivation hearing before a neutral adjudicator. The court therefore incorporates by reference its analysis in *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083, at *5 (E.D. Cal. Nov. 21, 2025) (ordering the release of a petitioner who was previously released into the United States and re-detained without a pre-deprivation hearing), and concludes that petitioner's immediate release from his current immigration detention is the appropriate remedy here.[1]

For the reasons explained above,

1. Petitioner's motion to proceed in forma pauperis (Doc. No. 2) is GRANTED;

/////

---

[1] Respondent also asserts this court should dismiss petitioner's habeas petition because he has not exhausted administrative remedies by requesting a bond hearing after being re-detained. (Doc. No. 8 at 2–4.) Respondent's argument essentially puts the cart before the horse. Here, the due process deprivation given respondent's admission that petitioner is being detained pursuant to § 1226(a) occurred when respondent did not conduct a pre-deprivation hearing before an immigration judge. Having petitioner request a bond hearing *post-hoc* would not adequately address the deprivation of due process he has already undergone. *See R.N.G. v. Semaia*, – F. Supp. 3d –. No. 5:26-cv-02839-DSR, 2026 WL 2089544, at *3 (C.D. Cal., July 14, 2026) (explaining that the pursuit of administrative remedies would be inadequate and futile as a post-deprivation bond hearing before an immigration judge is incapable of addressing the injury such as the lack of notice or a pre-deprivation hearing). Accordingly, the court rejects respondent's lack of exhaustion argument.

2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondent is ORDERED to immediately release petitioner Ramandeep Singh, A-File No. 241-149-847, from respondent's custody;

   b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondent will have the burden of establishing that petitioner is either a flight risk or danger to the community by clear and convincing evidence;

3. Petitioner's motions for appointment of counsel (Doc. No. 3) and for a temporary restraining order (Doc. No. 4) are DENIED as having been rendered moot by this order granting petitioner's habeas petition on the merits;

4. Respondent's motion to dismiss the habeas petition (Doc. No. 8) is DENIED;

5. The Clerk of the Court is directed to serve a copy of this order on the warden of the California City Immigration Processing Center; and

6. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **August 21, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE